# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jarvis Rogers<br><br>*Defendant(s)* | )<br>)<br>) Case No. 8:26-mj-1260-SPF<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 6, 2025__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm and ammunition |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Travis Coyman, Special Agent, DEA
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 2/8/2026

_____
*Judge's signature*

City and state: Tampa, FL   HONORABLE SEAN P. FLYNN, U.S.M.J.
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# CRIMINAL COMPLAINT

I, Travis Coyman, being duly sworn, hereby state as follows:

## Introduction and Agent Background

1. I am a Special Agent employed by the Drug Enforcement Administration ("DEA") and have been so employed since September of 2018. I have been assigned to Tampa District Office since May of 2024. Prior to my assignment in Tampa, I was assigned to the Lafayette, Louisiana Post of Duty in the Western District of Louisiana. I have had specialized training and experience in controlled substance investigations, and I am familiar with the manner in which controlled substances are manufactured, transported, packaged, marketed and consumed. I have received training in the identification of all types of controlled substances by sight and odor. I have made numerous arrests for violations involving such substances. In the course of my employment, I have become familiar with the ordinary meaning of controlled substances slang and jargon, and I am familiar with the manners and techniques of how controlled substances are manufactured and transported.

2. I completed the DEA Basic Agent Training Program at the Justice Training Center in Quantico, Virginia. I am familiar with investigations of drug trafficking organizations, methods of importation and distribution of controlled substances, and financial investigations. I have participated in over 100 narcotic investigations either as a case agent or in a supporting role. I have debriefed

numerous defendants, informants, and witnesses who have personal knowledge regarding narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations, including physical and electronic surveillance, arrests, analysis of telephone billing records for telephones used by narcotics traffickers, and authored/assisted in court ordered wiretaps, both federal and state. I am familiar with narcotics traffickers' methods of operation, including the manufacture, sales, distribution, storage, and transportation of controlled substances including, but not limited to, heroin, fentanyl, methamphetamine, and cocaine. I am familiar with the collection of money proceeds from narcotics sales and trafficking and methods of money laundering used to conceal the nature of the proceeds from such illicit activity. I have been involved in investigations regarding the unlawful possession and distribution of controlled substances, as well as related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with money laundering and drug trafficking crimes, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, and Title 18, United States Code, Sections 371, 1956, 1957.

3.     I am authorized to investigate violations of laws of the United States, including violent crimes and narcotic offenses, and to execute warrants issued under the authority of the United States. I am currently assigned to the DEA Tampa Division. During my employment as an DEA Special Agent, I have participated in numerous investigations which have resulted in the arrests of

numerous individuals and the seizures of currency, financial ledgers, firearms, controlled substances, and indicia of controlled substance trafficking. During the course of these investigations, I have conducted or participated in physical and electronic surveillance, and I have conducted numerous debriefings of witnesses, informants, cooperating defendants, and other individuals cooperating with the United States. I have executed or assisted in executing numerous search warrants resulting in the seizure of firearms, narcotics, narcotics records, and financial documents.

4. I submit this affidavit in support of a Criminal Complaint charging Jarvis ROGERS ("ROGERS") with Possession of a Firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

## **PROBABLE CAUSE**

5. On February 6, 2026, DEA and Tampa Police Department members executed a federal search warant at 1115 E Twiggs St., Apartment 1111, Tampa, FL (the "TARGET LOCATION"). As law enforcement executed the search warrant, ROGERS was observed departing the residence and immediately detained.

6. During the search of the TARGET LOCATION, law enforcement located the box to a Glock firearm (with a listed serial number) as well as narcotics residue and further evidence of narcotic distribution.

7. More specifically, law enforcement located 10 Hornaday 9mm bullets/rounds, inside a Glock firearm box (with listed serial number CEEB257)

in the bedroom closet of the TARGET LOCATION. Additionally, multiple kilogram wrappers with cocaine residue, a scale, plastic bags, a money counter, and a large quantity of US currency were located.

8. Additionally, throughout the TARGET LOCATION, including within the bedroom, agents located multiple pieces of mail addressed to Jarvis ROGERS with the address of 2446 36 St. S. An additional search warrant was conducted at 2446 36 St. S., which resulted in the location and seizure of the Glock firearm (SN: CEEB257). The Glock firearm was loaded with Hornady rounds similar to the rounds located at the TARGET LOCATION. Nobody was present at 2446 36 St. S., St. Petersburg, FL during the execution of the search warrant. Through the previous investigation, agents are aware that ROGERS possessed the key to 2446 36 St. S., St. Petersburg, FL. and appeared be in complete control of the residence. This is also the listed address on ROGERS' Florida identification card.

9. In the TARGET LOCATION, agents located numerous pairs of shoes and clothing that appeared to be of a size consistent with the size ROGERS would wear. The bed in the room appeared to be approximately a king-size bed and appeared to be recently slept in.

10. In addition to the clothing and firearms, law enforcement located scales, plastic bags and white powder. Also, through my training and experience, I am aware that narcotics distributors commonly use firearms to protect their distribution locations.

11. On February 6, 2026, DEA SA Bill Grimmer conducted an examination of the firearm and ammunition located in the TARGET LOCATION and 3446 36 St. S.

12. Based upon that examination and research of the above-described weapon, as well as his knowledge, training, and experience, SA Grimmer believes the above-described weapon is a firearm as defined in Title 18 U.S.C. § 921(a)(3). Further, SA Grimmer believes the above-described firearm and ammunition was not manufactured in the State of Florida. Therefore, the firearm and ammunition would have had to travel in or affect interstate or foreign commerce prior to its recovery in the State of Florida.

13. I have investigated ROGERS' criminal history. ROGERS has felony convictions on his criminal record and is therefore prohibited from possessing firearms or ammunition under 18 USC § 922(g). Specifically, on May 15, 2014, ROGERS was convicted of conspiracy to traffic in cocaine, which is a felony, in the Sixth Judicial Circuit in and for Pinellas County Florida.

14. DEA SA Travis Coyman conducted a search of the Florida Office of Executive Clemency for ROGERS, which indicated there was no record of ROGER's civil rights being restored.

15. Based on the facts above I believe there is probable cause that on February 6, 2026, ROGERS was a convicted felon and possessed ammunition and a firearm in violation of 18 U.S.C. § 922(g)(1) within the Middle District of Florida.

Respectfully submitted,

                                                  Travis Coyman
                                                  Special Agent, DEA

2/8/2026

HON. SEAN P. FLYNN
United States Magistrate Judge